RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  10 / 13 / 05
BY  OM

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

RENEE' LOMBARDINO

versus

CIVIL ACTION NO. 05-1358
JUDGE TOM STAGG

BRENTWOOD HEALTH MANAGEMENT
L.L.C. A/K/A BRENTWOOD BEHAVIORAL
HEALTHCARE, L.L.C. A/K/A BRENTWOOD,
A BEHAVIORAL HEALTH COMPANY, L.L.C.

## MEMORANDUM RULING

Before the court is a motion for judgment on the pleadings filed by the defendant, Brentwood Acquisition Shreveport, Inc. ("Brentwood").[1] See Record Document 17. As the motion is accompanied by evidence outside of the pleadings, it shall be construed as a motion for summary judgment and disposed of as provided

---

[1] Brentwood Acquisition Shreveport, Inc. claims that it is the correct defendant, rather than the defendants initially named by the plaintiff, which include Brentwood Health Management L.L.C., a.k.a. Brentwood Behavioral Healthcare, L.L.C., a.k.a. Brentwood, A Behavioral Health Company, L.L.C. Brentwood Acquisition Shreveport, Inc. alleges that it purchased all of the assets of Brentwood Behavioral Company, including the hospital where the plaintiff was employed. Therefore, it is the correct defendant in this case, rather than those parties named by Lombardino.

1

for in Federal Rule of Civil Procedure 56. For the reasons set forth below, Brentwood's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

Renee' Lombardino ("Lombardino") was employed by Brentwood as a nurse. The plaintiff contends that her doctor prescribed for her a medical drug for an unspecified medical condition from which she suffers. One side effect of this medication was drowsiness. On June 24, 2004, Brentwood terminated Lombardino's employment. Lombardino claims that she was fired due to her medical disability and the condition of drowsiness caused by her medicine, even though she could otherwise perform her job duties.

Lombardino filed the instant suit alleging discrimination. See Record Document 1. Brentwood then filed a motion for judgment on the pleadings. See Record Document 17.

## II. LAW AND ANALYSIS

A. **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**B.     Lombardino's Failure To Respond To Brentwood's Motion.**

Brentwood served on Lombardino a copy of its motion for judgment on the pleadings on September 15, 2005. To date, Lombardino has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then

available, within 15 days of service of the motion." Clearly, Lombardino failed to oppose Brentwood's motion within the required fifteen day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). As discussed below, the court finds it appropriate to enter summary judgment against Lombardino.

## C. Discrimination Analysis.

Brentwood argues that summary judgment is proper because Lombardino failed to comply with the prerequisites of the Louisiana Employment Discrimination statute ("LEDL"), La. R.S. 23:301 *et seq*. Namely, it submits that Lombardino failed to satisfy the notice provisions of Louisiana Revised Statute 23:303(C). The court agrees.

Lombardino alleges disability discrimination in violation of Louisiana Revised Statute 23:301 *et seq*.[2] Louisiana Revised Statute 33:323(A) provides that "no

---

[2] In her complaint, Lombardino does not specifically plead a claim under the LEDL. She does, however, request attorney's fees, court costs, and other expenses

4

otherwise qualified disabled person shall, on the basis of disability, be subjected to discrimination in employment." Furthermore, an employer is prohibited from discharging or discriminating against a qualified disabled employee "with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position." La. R.S. 23:323(B)(2). If a disabled employee, who is otherwise qualified, is discriminated against in violation of this statute, she is authorized to sue her employer under La. R.S. 23:303.

However, the legislature placed an important qualification on an employee's right to sue:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action *shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action*, shall detail the alleged discrimination, and *both parties shall make a good faith effort to resolve the dispute prior to initiating court action*.

La. R.S. 23:303(C) (emphasis added); see also Mayes v. Office Depot, Inc., 292 F.Supp.2d 878, 889 (2003)(holding that "a plaintiff must give the proposed defendant written notice that she believes she has been discriminated against at least 30 days before initiating court action").

---

under La. R.S. 23:313. This is the only statutory reference she makes.

5

Brentwood submits that Lombardino failed to provide thirty days written notice of her intent to bring suit and neglected to engage in a good faith effort to resolve her claims before doing so. Brentwood therefore contends that the plaintiff's suit is barred. The LEDL does not expressly provide for a penalty in the event of noncompliance with its procedural provisions. Nonetheless, other courts addressing this issue have determined that a claim under the LEDL must be dismissed if the plaintiff fails to satisfy the notice requirements, unless she has filed a charge with the EEOC within the requisite time period. See Dunn v. Nextel South Corp., 207 F.Supp.2d 523, 524 (M.D.La. 2002); see also Trahan v. Lowe's Inc., 2002 WL 1560272 at *5 (E.D.La. 2002) (outlining other federal courts that have barred discrimination claims for failure to comply with La. R.S. 23:303(C)).

Reviewing the plaintiff's complaint, this court finds no indication that she satisfied the requirements of the statute or that she filed a charge with the EEOC. Further, Lombardino has failed to provide any additional information which would demonstrate that she gave written notice to Brentwood or that she made a good faith effort to resolve the issue before initiating suit. Therefore, in the face of her silence, this court must conclude that Lombardino failed to satisfy the prerequisites of La. R.S. 23:303(C). Accordingly, her complaint is procedurally barred and is

dismissed without prejudice.³  See Dunn, 207 F.Supp.2d at 524.

### III. CONCLUSION

Based on the foregoing analysis, Brentwood's motion for judgment on the pleadings is **GRANTED**. See Record Document 17. All claims by the plaintiff against the defendant are **DISMISSED WITHOUT PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of October, 2005.



JUDGE TOM STAGG

---

³ Although Brentwood requested costs and attorneys' fees, the court finds that such an award is not warranted under the circumstances.